# - E X H I B I T   A -

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No.:

------------------------------------------------------------------------------------

ROSE JEAN-PIERRE,

Plaintiff(s),

against

THE STOP & SHOP SUPERMARKET COMPANY LLC,

Defendant(s).

------------------------------------------------------------------------------------

Plaintiff designates
COUNTY OF KINGS
As the place of trial
The basis of the venue is
pursuant to CPLR §503(a)

**SUMMONS**

CPLR §503(a)
1009 Flatbush Ave.
County of KINGS

To the above-named defendant(s)

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's Attorney(s) within 20 days after the service of this summons, excluded of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer a judgment will be taken against you by default for the relief demanded in the complaint.

Date: July 31, 2019

*Mark J. Linder*

Mark J. Linder, Esq.
**HARMON, LINDER & ROGOWSKY**
Attorneys for Plaintiff(s)
3 Park Avenue, Suite 2300
New York, NY 10016

Defendant' address:

THE STOP & SHOP SUPERMARKET
COMPANY LLC
c/o Corporation Service Company
80 State St.
Albany, NY 12207-2543

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------x
ROSE JEAN-PIERRE,

                                                  Plaintiff,

          -against-                                        **VERIFIED**
                                                           **COMPLAINT**
                                                           **Index No.:**

THE STOP & SHOP SUPERMARKET COMPANY LLC,
                                              Defendant.
-----------------------------------------------------------------------x

Plaintiff complaining of the defendant herein, by her attorneys, HARMON, LINDER & ROGOWSKY, respectfully sets forth and alleges, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF

1.    Pursuant to CPLR Section 503(a), Kings County is the proper venue as that the accident herein complained of occurred within said county.

2.    That at all times herein mentioned THE STOP & SHOP SUPERMARKET COMPANY LLC was and still is a foreign limited liability company organized in Delaware and existing under and by virtue of the laws of the State of New York; said defendant is conducting business in the State of New York.

3.    That at all times herein mentioned, the location of the plaintiff's accident giving rise to this action was inside the Stop & Shop supermarket located on and upon the lands and premises at 1009 Flatbush Avenue, in the County of Kings and State of New York.

4.    That on June 28, 2019 at approximately 4:45 pm while the plaintiff herein was lawfully walking adjacent to the store cashiers at said location when she was caused to slip and fall due to dangerous condition(s) including but not limited to: (1) water/slippery substances on the floor; (2) absence of non-slip floor matting; (3) flooring materials that

became excessively slippery when wet/slippery substance covered; (4) presence of excessive wax and/or floor sealant; (5) flooring materials that were broken, cracked, dilapidated, etc. and/or (6) inadequate illumination and thereby sustaining severe injuries as hereinafter set forth, due to the negligence of the defendant herein.

5.      That the defendant knew or should have known of the aforesaid dangerous condition(s).

6.      That the defendant caused, created, permitted and/or allowed the aforesaid dangerous condition(s) to remain for many days and weeks.

7.      That the defendant, at the time of the accident, negligently caused, created, allowed and/or permitted said dangerous condition(s) at the aforementioned location to remain and failed to correct the condition.  The defendants had actual and constructive notice of the condition on the day of the accident.

8.      That defendant THE STOP & SHOP SUPERMARKET COMPANY LLC owned **OR** leased said location.

9.      That defendant THE STOP & SHOP SUPERMARKET COMPANY LLC operated said location.

10.     That defendant THE STOP & SHOP SUPERMARKET COMPANY LLC managed said location.

11.     That defendant THE STOP & SHOP SUPERMARKET COMPANY LLC maintained said location.

12.     That defendant THE STOP & SHOP SUPERMARKET COMPANY LLC controlled said location.

13.     That defendant THE STOP & SHOP SUPERMARKET COMPANY LLC through its acts and/or omissions negligently, carelessly, inadequately and/or improperly repaired/cleaned and/or failed to repair/clean said location.

14.     That defendant THE STOP & SHOP SUPERMARKET COMPANY LLC negligently and/or carelessly owned, operated, controlled, maintained and managed said location.

15.     That defendant, its agents, servants and/or employees thorough their acts and/or omissions were careless and negligent in the  ownership, operation and control of said location; in causing, allowing and/or permitting said location to become and remain in dangerous condition, unmaintained, negligent, improper and/or unsafe condition;  in failing to make proper, adequate, timely and necessary repairs; in causing, allowing and/or permitting said location to be and remain in a hazardous condition; in failing to make proper, timely and adequate inspection thereof; in failing to maintain the aforesaid premises in a proper manner; in the negligent and dangerous design, installation, maintenance and management of the aforesaid area; in failing to set up proper safeguards and/or barriers; in failing to warn persons lawfully traversing the area of the aforesaid dangerous and hazardous condition; in failing to have sufficient and adequate manpower; in failing to protect invitee of said area; in creating a nuisance or trap; in failing to provide and/or use proper equipment; in failing to correct a reoccurring dangerous condition; and in otherwise failing to use due care, caution and prudence on the premises.

16.     That the defendant was at all times under a duty to keep said location in a safe, proper and secured manner, in a cleaned and free from obstruction and dangerous conditions.

17.     That as a result of the foregoing, the plaintiff was caused to and did sustain severe and serious injuries and was required to seek and obtain medical care and attention in an

effort to cure and alleviate same and, upon information and belief will be compelled to do so in the future.

18.     That this occurrence and the injuries sustained by the plaintiff were caused by the negligence of the defendant without any negligence on the part of the plaintiff contributing thereto.

19.     That this action falls within one or more of the exceptions set forth in Section 1602 of the CPLR.

20.     That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

<u>**AS AND FOR A SECOND CAUSE OF ACTION**</u>
<u>**ON BEHALF OF THE PLAINTIFF**</u>

21.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "20", as if the same were fully hereinafter set forth at length.

22.     That the defendant's conduct as earlier described was negligent and careless in *inter alia*:

(a)     Failing to take proper precautions for the safety and wellbeing of the plaintiff;

(b)     That the defendant was negligent in the hiring, screening, training, and supervising of its employees;

(c)     Failing to adopt appropriate procedures for the protection of customers and patrons including the plaintiff;

(d)     Negligence at law.

23.     That the defendant should have known that its failure in such regards would cause harm.

Case 1:20-cv-02380   Document 1-1   Filed 05/29/20   Page 7 of 9 PageID #: 12

24.     That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

WHEREFORE, plaintiff demands judgment against the defendant on the First and Second Causes of Action together with interest and the costs and disbursements of this action.

Dated:     New York, New York
           July 31, 2019

                                        *Mark J. Linder*
                                        Mark J. Linder, Esq.
                                        **HARMON, LINDER & ROGOWSKY**
                                        Attorneys for Plaintiff
                                        3 Park Avenue, 23rd Floor, Suite 2300
                                        New York, NY 10016
                                        ACD

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK     )
                      ) ss:
COUNTY OF NEW YORK )

I, the undersigned, am an attorney admitted to practice in the Courts of New York

State, and say that:

I am the attorney of record or of counsel with the attorney(s) of record for the

plaintiff.

I have read the annexed SUMMONS AND VERIFIED COMPLAINT and know the

contents thereof and the same are true to my knowledge, except those matters therein

which are stated to be alleged on information and belief.  As to those matters, I believe

them to be true.  My belief, as to those matters therein not stated upon knowledge is based

upon the following:

Interviews and/or discussions held with the plaintiff(s) and papers and/or documents

in the file.

The reason I make this affirmation instead of the plaintiff is because said plaintiff

resides outside of the county from where your deponent maintains his office for the

practice of law.

Dated:      New York, NY
            July 31, 2019

                                    *Mark J. Linder*

                                    _____
                                    Mark J. Linder, Esq.

Index No.:                                                    Year:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------------------

ROSE JEAN-PIERRE,

                                                             Plaintiff(s),


                -against-



THE STOP & SHOP SUPERMARKET COMPANY LLC,

                                                             Defendant(s).

-------------------------------------------------------------------------------

## VERIFIED SUMMONS AND COMPLAINT

-------------------------------------------------------------------------------

HARMON, LINDER & ROGOWSKY
Attorneys for Plaintiff
3 Park Avenue, Suite 2300
New York, NY 10016
Tel: (212) 732-3665   Fax: (212) 732-1462

-------------------------------------------------------------------------------

To:
Attorney(s) for

-------------------------------------------------------------------------------

Service of a Copy of the within                    is hereby admitted.

Dated:                                    ------------------------
                                          Attorneys for

-------------------------------------------------------------------------------

PLEASE TAKE NOTICE:

_____
NOTICE OF          That the within is a (certified) true copy of a
ENTRY              entered in the office of the clerk of the within named Court on      20

_____
NOTICE OF          that an Order of which the within is a true copy will be presented for settlement to
SETTLEMENT         the Hon.              one of the Judges of the within named Court, on
                        20  , at        M.
Dated:

HARMON, LINDER & ROGOWSKY
Attorneys for Plaintiff
3 Park Avenue, Suite 2300
New York, NY 10016
Tel: (212) 732-3665   Fax: (212) 732-1462